IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-ENTERPRISE CO., | No. C-03-01561 MMC (EDL) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY AND VACATING AUGUST 16, 2005 HEARING** |
| v. | |
| DRAPER FISHER JURVETSON MANAGEMENT CO., et al., | |
| Defendants. | |

  Defendants are the general partners of venture capital funds Draper Fisher Jurvetson Fund V, L.P. and Draper Fisher Jurvetson Fund VI, and the individual managing directors of the Funds. Plaintiff is a limited partner in Fund V and Fund VI and has committed approximately $42 million to the Funds. Plaintiff alleges that the individual Defendants engaged in material misrepresentations and fraud in the marketing of Fund V and Fund VI, breached their fiduciary duties in the management of the funds and wrongfully paid themselves over $70 million in management fees and $30 million in other distributions from those funds. On April 4, 2005, after obtaining leave of court, Plaintiff filed a third amended complaint.

  Defendants now seek leave to take additional discovery on the new allegations contained in Plaintiff's third amended complaint. See, e.g., Declaration of Jeffrey Lokey at Exh. 9 (redline version of third amended complaint) at ¶¶ 37, 62, 77-80. They also seek an extension of the fact discovery cutoff date to September 23, 2005. Because this matter is appropriate for decision without oral argument, the August 16, 2005 hearing is vacated.

To the extent that Defendants seek to reopen discovery, the following factors are instructive:

> 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court; and 6) the likelihood that the discovery will lead to relevant evidence.

U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995). To the extent that Defendants seek to modify the pretrial schedule pursuant to Federal Rule of Civil Procedure 16(b), Defendants must show good cause. See Fed. R. Civ. P 16(b); Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 608-09 (9th Cir. 1992) (holding that for purposes of Rule 16(b), "good cause" means diligence).

Here, the Schumer factors weigh in favor of reopening discovery. First, the trial is not imminent; it is scheduled for January 30, 2006. Second, although Plaintiff vigorously opposed Defendants' request for additional discovery on several grounds, Defendants are entitled, as a matter of equity, to test new factual allegations through discovery. For example, Defendants seek to depose Mr. Roy on whether knowledge of the new allegations would have been material in his decision to invest in the Funds, which is uniquely in the mind of Plaintiff's representative and appropriate for discovery by Defendants regardless of the source of the information for the new allegations. Third, Plaintiff has made no persuasive showing that it would suffer undue prejudice if the Court orders additional discovery. Plaintiff's concern that additional discovery will cause prejudice by delaying the pretrial schedule can be addressed. Fourth, Defendants have been reasonably diligent in seeking this discovery; on June 10, 2005, Judge Chesney gave Defendants leave to file this motion, which they did on July 6, 2005. Moreover, Defendants have shown good cause for modification of the pretrial schedule pursuant to Rule 16(b). Fifth, this discovery was not necessarily foreseeable; Defendants have conducted some discovery that touched on some of the new allegations contained in the third amended complaint, but have not had the opportunity to fully examine witnesses on these new issues. Sixth, Defendants have made a showing that the additional discovery will likely lead to admissible evidence.

Therefore, Defendants' motion for leave to take additional discovery is granted. The fact discovery cutoff date is extended to September 23, 2005. Defendants may conduct discovery

focused solely on the new allegations in the third amended complaint.  No later than August 17, 2005, Defendants may serve by facsimile or e-mail the following written discovery: (1) up to ten contention interrogatories; (2) up to ten requests for admissions from each Defendant for a total of fifty requests; and (3) up to twenty-five requests for production of documents.  Plaintiff shall respond to written discovery no later than September 12, 2005.  Defendants may take additional deposition testimony from Mr. Roy and Mr. DeFeo, but those depositions shall be limited to four hours each and shall be taken at a mutually convenient time and place prior to September 23, 2005.

Defendants deny that they plan to seek leave to file supplemental expert reports or to continue the trial date.  See Supp. Lokey Decl. ¶ 4.  The Court expects Defendants to adhere to that representation and would not be inclined to allow any supplemental reports if they would disrupt the key pretrial dates.

Judge Chesney dismissed Plaintiff's negligent misrepresentation claims based on allegations that Defendants engaged in illegal intra-fund loans and misrepresented the amount of time they intended to spend on the management of the Funds.  See July 15, 2005 Order (J. Chesney). Plaintiff states in a footnote that it assumes Defendants no longer seek discovery on those issues.  See Pl.'s Opp'n at n. 1.  In their reply, Defendants respond that to the extent that Plaintiff is not going to seek to pursue the negligent misrepresentation claims as "failure to notify" claims, Defendants will not seek discovery on those issues.  See Defs.' Reply at 10.  Plaintiff shall notify Defendants no later than August 17, 2005 as to the status of those claims.  If Plaintiff intends to pursue the claims as "failure to notify" claims, Defendants may seek leave of court to conduct discovery on those issues.

**IT IS SO ORDERED.**

Dated: August 10, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge