United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  I-ENTERPRISE COMPANY LLC,              No. C-03-1561 MMC

12            Plaintiffs,               **ORDER DENYING DEFENDANTS'**
                                        **MOTION FOR CLARIFICATION;**
13                                      **DENYING PLAINTIFF'S MOTION FOR**
      v.                                **SANCTIONS; VACATING HEARING**
14

15                                      (Docket No. 414)
   DRAPER FISHER JURVETSON
16  MANAGEMENT COMPANY V, LLC, et al.,

17            Defendants
   _____/
18

19        Before the Court is defendants' motion, filed August 19, 2005, for clarification of the

20  Court's July 15, 2005 order granting in part and denying in part defendants' motion to

21  dismiss certain counts of plaintiff I-Enterprise Company LLC's ("I-Enterprise") Third

22  Amended Complaint.  I-Enterprise has filed opposition to the motion, in which it also seeks

23  sanctions against defendants, pursuant to Rule 11 of the Federal Rules of Civil Procedure,

24  for their filing of the motion for clarification.  Defendants have filed a reply.  Having

25  considered the papers submitted in support of and in opposition to the motion, the Court

26  finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and

27  hereby VACATES the September 23, 2005 hearing.  For the reasons set forth below, the

28  motion for clarification and the motion for sanctions are both DENIED.

**BACKGROUND**

In a motion filed April 25, 2005, defendants sought dismissal of I-Enterprise's claim for negligent misrepresentation, to the extent such claim was based on misrepresentations about the amount of time defendants promised to devote to the management of Funds V and VI, failure to disclose the Fund V General Partner's alleged diversion of Fund V monies for non-partnership purposes, and failure to disclose "that the General Partners of prior DFJ funds and the Individual Defendants had misappropriated, and intended to continue to misappropriate, compensation and benefits, including directed shares and option grants, received on account of board memberships in prior fund portfolio companies that should have been used to reduce management fees under those funds' Agreements."[1]  (See Motion to Dismiss, filed April 25, 2005, at 13-20; see also Third Amended Complaint ¶¶ 137, 170, 164-65.)[2]  The Court granted the motion to dismiss the negligent misrepresentation claim to the extent it was based on such allegations.  (See Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Counts of Third Amended Complaint and/or to Strike, filed July 15, 2005, ("July 15 Order") at 23.)

**DISCUSSION**

**A.  Motion for Clarification**

Defendants now seek clarification as to whether the Court intended to dismiss all claims I-Enterprise may be asserting, to the extent they are based on such allegations. Defendants question whether I-Enterprise has asserted any other causes of action based on the allegations at issue, but argue that even if it had alleged such causes of action, the reasoning of the Court's July 15 Order would support dismissal of such claims.  Defendants request "that this Court clarify its July 15 Order to confirm that IEC's claims regarding intra-fund loans, directed shares and/or inadequate time devoted to management are irrelevant

---

[1] Defendants also sought dismissal of the negligent misrepresentation claim and other claims to the extent such claims were based on additional allegations not relevant to the instant motion.

[2] Defendants refer to the latter two nondisclosure claims as "an alleged failure to disclose intra-funds loans [and] directed shares."  (See Motion for Clarification at 2.)

1   to, and cannot form the basis of, any claims remaining in this litigation."  (See Motion for

2   Clarification at 5.)

3       There is no need for "clarification" of the Court's order.  With respect to the

4   allegations currently at issue, defendants' motion to dismiss was directed solely at

5   I-Enterprise's claim for negligent misrepresentation.  (See Motion to Dismiss at 13-20.)  The

6   Court's ruling expressly applied only to the claim for negligent misrepresentation.  (See July

7   15 Order at 23.)  Indeed, although I-Enterprise argued, in opposition to the motion to

8   dismiss, that defendants' alleged failure to devote appropriate time to managing the funds

9   violated the covenant of good faith and fair dealing, the Court declined to address the

10  argument because the motion to dismiss addressed only the cause of action for negligent

11  misrepresentation.  (See Plaintiff's Opposition to Defendants' Motion to Dismiss and/or to

12  Strike Certain Counts of the Third Amended Complaint, filed July 1, 2005, at 18; see also

13  July 15 Order at 21 n.9.)  Whether the challenged allegations could support other causes of

14  action was not before the Court and, consequently, was not addressed.  No "clarification" of

15  the Court's order is required.

16      **B.  Motion for Rule 11 Sanctions**

17      I-Enterprise, in its opposition, seeks imposition of Rule 11 sanctions against

18  defendants for bringing the motion for clarification.  By including the motion for sanctions as

19  part of their opposition to the motion for clarification, however, I-Enterprise failed to comply

20  with either Rule 11 or Civil Local Rule 7-8, both of which require motions for sanctions to be

21  separately filed.  (See Fed. R. Civ. P. 11(c)(1)(A); Civil L.R. 7-8.)  Additionally, I-Enterprise

22  has failed to comply with Rule 11's requirement that a motion for sanctions first must be

23  served on the opposing party, and not filed with the Court "unless, within 21 days of service

24  of the motion . . ., the challenged paper . . . is not withdrawn or appropriately corrected."

25  See Fed. R. Civ. P. 11(c)(1)(A).

26      Even if I-Enterprise had complied with the procedural requirements of Rule 11,

27  however, the motion would be denied on its merits.  Although defendants' motion for

28  clarification is not meritorious, its filing does not rise to the level of sanctionable conduct.

1

**CONCLUSION**

2      Accordingly, defendants' motion for clarification is hereby DENIED.  Plaintiff's

3  request for Rule 11 sanctions also is DENIED.

4      This order terminates Docket No. 414.

5      **IT IS SO ORDERED.**

6  Dated: September 12, 2005                          _____
                                                      MAXINE M. CHESNEY
7                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28