IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I-ENTERPRISE COMPANY LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>DRAPER FISHER JURVETSON MANAGEMENT COMPANY V, LLC, et al.,<br><br>    Defendants | No. C-03-1561 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF FOURTH AMENDED COMPLAINT; VACATING HEARING**<br><br>(Docket No. 442) |

    Before the Court is defendants' motion, filed September 26, 2005, for partial dismissal of plaintiff I-Enterprise Company LLC's ("I-Enterprise") Fourth Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. I-Enterprise has filed opposition to the motion, to which defendants have replied. Having considered the papers submitted in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the November 4, 2005 hearing. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

    In 1998 and 1999, I-Enterprise, through its predecessors-in-interest, invested in two

venture capital funds, Draper Fisher Jurvetson Fund V L.P. ("Fund V") and Draper Fisher Jurvetson Fund VI L.P. ("Fund VI") (collectively, "the Funds"). (See Fourth Amended Complaint ("4AC") ¶¶ 1, 4.) I-Enterprise alleges that it has suffered more than $40 million in damages as a result of defendants' fraudulent and negligent misrepresentations, breach of contract, breach of fiduciary duty, state securities law violations, unfair business practices, conversion, and unjust enrichment. (See id. ¶¶ 1, 3.)

Defendant Draper Fisher Jurvetson Management Company V, LLC ("DFJ-V") is the general partner of Fund V. (See id. ¶ 5.) Defendant Draper Fisher Jurvetson Management Company VI, LLC ("DFJ-VI") is the general partner of Fund VI. (See id. ¶ 6.) Defendants Timothy C. Draper ("Draper"), John H.N. Fisher ("Fisher"), and Stephen T. Jurvetson ("Jurvetson") (collectively, "individual defendants") are managing directors of DFJ-V and DFJ-VI. (See id. ¶¶ 7-9.) The individual defendants are also general partners in the Draper Fisher Jurvetson general partnership ("DFJ"). (See id.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily

1. relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

## DISCUSSION

### A. Conversion Claim

I-Enterprise, in its opposition, notes that the Court previously has dismissed I-Enterprise's claim for conversion against DFJ-V, and states it has realleged the claim in the Fourth Amended Complaint solely to preserve the issue for appeal.

Accordingly, as I-Enterprise is no longer asserting a conversion claim, defendants' motion to dismiss the conversion claim will be DENIED as moot.

### B. Unjust Enrichment

Defendants move to dismiss I-Enterprise's unjust enrichment claims, on the ground the Court previously dismissed those claims as improperly alleged derivative claims.

Contrary to defendants' assertion, the Court dismissed the unjust enrichment claims, among other claims, only to the extent they were based on "(1) failure to make the requisite capital contributions to the partnerships, (2) failure to adhere to the investment objectives set forth in the Offering Memoranda, (3) misallocations of profits, losses, and securities, (4) failure to devote appropriate time to management of the funds, and (5) conflict of interest and self-dealing." (See Order Granting in Part and Denying in Part Counterdefendants'

1  Motion for Partial Judgment On the Pleadings, or in the Alternative, for Summary
2  Adjudication, filed December 15, 2004, ("December 2004 Order") at 3-4, 19.)  I-Enterprise's
3  current claims for unjust enrichment are not so limited in scope.  (See 4AC ¶¶ 208-214,
4  276-282.)  For example, I-Enterprise alleges, in support of its unjust enrichment claims, that
5  it is entitled to restitution of its contributions to Funds V and VI on the ground defendants
6  made misrepresentations to induce I-Enterprise's investment in those Funds.  (See id.)
7  Any such alleged misrepresentations were not addressed in the Court's December 2004
8  Order, (see December 2004 Order at 4), and defendants, in their instant motion, set forth
9  no argument in support of dismissal of the unjust enrichment claims to the extent such
10 claims are based on allegations not addressed in the December 2004 Order.
11        Accordingly, defendants' motion to dismiss the unjust enrichment claims will be
12 DENIED.

### C. Breach of Contract, Breach of Fiduciary Duty, and Breach of the Covenant of Good Faith and Fair Dealing

15        Defendants contend that I-Enterprise's claims for breach of contract, breach of
16 fiduciary duty, and breach of the covenant of good faith and fair dealing ("Breach Claims")
17 should be dismissed in their entirety, except to the extent such claims are based on
18 defendants' failure to notify I-Enterprise of certain "detrimental acts," asserting the Court
19 has already ruled to that effect in its prior orders.
20        Although defendants correctly note that the Court previously denied defendants'
21 motion to dismiss the Breach Claims to the extent such claims are based on allegations
22 that defendants failed to provide notice of "detrimental acts," (see Order Granting in Part
23 and Denying in Part Defendants' Motion to Dismiss Certain Counts of Third Amended
24 Complaint and/or to Strike, filed July 15, 2005, ("July 2005 Order") at 9), the Court has
25 never held the Breach Claims are limited to that theory.  Indeed, in the December 2004
26 Order, the Court expressly held the Breach Claims were not dismissed to the extent they
27 were based on allegations that defendants failed to distribute securities to I-Enterprise and
28 failed to provide notice to I-Enterprise that the individual defendants ceased being active in

4

the management of the Funds.[1]  (See id. at 15-17.)

Accordingly, defendants' motion to dismiss all Breach Claims that are not based on the allegation that defendants failed to provide notice of "detrimental acts" will be DENIED.

### D. Claims Based on Failure to Devote an Objectively Adequate Amount of Time to Management of the Funds

Defendants move to dismiss any remaining claim that is based on defendants' failure to devote an objectively adequate amount of time to management of the Funds.

Defendants correctly note that, in the December 2004 Order, the Court, to the extent raised at that time by defendants' motion,[2] dismissed all claims that were based on a failure to devote appropriate time to management of the Funds, on the ground such claims were improperly alleged derivative claims.[3]  (See December 2004 Order at 3-4, 16-18, 21.)  Additionally, as defendants note, the Court, in the July 2005 Order, dismissed I-Enterprise's negligent misrepresentation claims to the extent such claims were based on misrepresentations about the amount of time defendants promised to devote to the management of the Funds.  The Court found no misrepresentation was made because each defendant promised, in the Fund V and Fund VI Limited Partnership Agreements, only

---

[1] In the December 2004 Order, the Court dismissed the Breach Claims only to the extent they were based on "(1) failure to make the requisite capital contributions to the partnerships, (2) failure to adhere to the investment objectives set forth in the Offering Memoranda, (3) misallocations of profits, losses, and securities, (4) failure to devote appropriate time to management of the funds, and (5) conflict of interest and self-dealing." (See December 2004 Order at 3-4, 19.)  To the extent I-Enterprise realleges the Breach Claims based on those allegations, the Court's December 2004 Order remains applicable.

[2] I-Enterprise's claims for negligent misrepresentation, fraud, violation of Massachusetts Blue Sky Laws, and for an accounting were not addressed in that order, as defendants had not moved to dismiss such claims at that time.

[3] Although in footnote 9 of the July 2005 Order, the Court stated that it "expresse[d] no opinion as to whether defendants . . . could have breached the implied covenant of good faith and fair dealing by failing to devote an objectively adequate amount of time to managing the Funds," (see July 2005 Order at 20 n.9), the Court later noted, in its September 12, 2005 order denying defendants' motion for clarification of the July 2005 order, the reason the Court did not address that issue, was that defendants had moved to dismiss only the negligent misrepresentation claim.  (See Order Denying Defendants' Motion for Clarification, filed September 12, 2005, at 3.)  The Court did not purport in footnote 9 of the July 2005 Order to set aside its earlier ruling.

5

to "devote so much of his time to the conduct of the affairs of the Partnership and the General Partner as is appropriate in his judgment to manage effectively the affairs of the Partnership" and disclosed therein the existence of commitments to other entities. (See July 2005 Order at 19-21.) Defendants now move to dismiss I-Enterprise's claims that were not addressed in the December 2004 and July 2005 orders, specifically, the claims for fraud, violation of the California and Massachusetts Blue Sky Laws, and for an accounting, to the extent such claims are based on defendants' alleged failure to devote an adequate amount of time to managing the Funds.

The Court agrees with defendants that its prior ruling, specifically, that I-Enterprise failed to state a claim for negligent misrepresentation based on statements about the amount of time defendants would devote to the management of the Funds, (see July 2005 Order at 19-21), likewise requires dismissal of I-Enterprise's claims for fraud, violation of California and Massachusetts Blue Sky Laws, and for an accounting, to the extent such claims are based on the same statements, because an element of each such claim is the existence of a misrepresentation or omission. See, e.g., Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 173 (2003) (noting one element of claim for negligent misrepresentation is "misrepresentation (false representation, concealment, or nondisclosure"); Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (noting one element of fraud claim is "misrepresentation (false representation, concealment, or nondisclosure)"); Cal. Corp. Code § 25401 (providing claim for violation of California Blue Sky Law requires proof of untrue statement of material fact or material omission); Mass. Gen. Laws, ch. 110A, § 410(a)(2) (providing claim for violation of Massachusetts Blue Sky Laws requires proof of untrue statement of material fact or material omission); Union Bank v. Superior Court, 31 Cal. App. 4th 573, 593 (1995) (stating absence of proof of misconduct bars action for accounting).

Defendants also move to dismiss I-Enterprise's contract claim, to the extent such claim is based on a failure to disclose that the individual defendants had ceased being active in the management of the Funds. As noted above, the Court held, in the December

2004 Order, that such claim was a direct claim, not a derivative claim, and thus not subject to dismissal as an improperly alleged derivative claim. (See December 2004 Order at 17-18.) As the Court later held, however, I-Enterprise does not allege that any of the individual defendants ceased being active in the management of the Funds, but rather alleges only that they failed to disclose other, then-existing commitments. (See July 2005 Order at 20; see also 4AC ¶¶ 137-148.) Accordingly, as defendants correctly argue, I-Enterprise has not stated a direct contract claim based on a failure to disclose that the individual defendants had ceased being active in the management of the Funds.

Accordingly, defendants' motion to dismiss all claims that are based on defendants' alleged failure to devote an objectively adequate amount of time to management of the Funds, or on alleged misrepresentations about the amount of time defendants would devote to the management of the Funds, will be GRANTED.

### E. Claims Based on Nondisclosure of Retention of Directed Shares and "Inter-Fund Loans"

In the July 2005 Order, the Court dismissed I-Enterprise's claim against DFJ-VI and the individual defendants for negligent misrepresentation, to the extent such claim was based on defendants' alleged failure to disclose retention of directed shares or a failure to disclose what defendants characterize as "inter-fund loans." (See July 2005 Order at 21.) The Court dismissed such claim, however, only because I-Enterprise had failed to address the portion of defendants' motion to dismiss that was directed to such claim and, thus, had effectively conceded that it was not pursuing a negligent misrepresentation claim based on such allegations. (See id.) The Court did not address the allegations on their merits.

Defendants now move to dismiss I-Enterprise's claims for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, breach of contract, unjust enrichment, violations of Blue Sky Laws, and for an accounting, to the extent such claims are based on the above-referenced allegations. Defendants set forth two arguments in support of dismissal of such claims: (1) such claims are derivative claims that cannot be asserted without joining the Funds as parties to the instant action; and (2) plaintiffs cannot show they

suffered any damages as a result of such alleged nondisclosures.

>The specific allegations at issue are the following:
>
>164. The Fund VI General Partner and the Individual Defendants failed to disclose that the Fund V General Partner had diverted Fund V monies for non-Partnership purposes, including that the Fund V General Partner in 1998 had used $375,000 of Fund V monies to purchase shares of Wit Capital for the Fund V side-by-side fund and in July 1999 had used $1.59 million of Fund V monies to buy shares of Digital Impact for Fund IV.
>
>165. The Fund VI General Partner and the Individual Defendants failed to disclose that the General Partners of prior DFJ funds and the Individual Defendants had misappropriated, and intended to continue to misappropriate, compensation and benefits, including directed shares and option grants, received on account of board memberships in prior fund portfolio companies that should have been used to reduce management fees under those funds' Agreements.

(See 4AC ¶¶ 164-65.) I-Enterprise further alleges that such omissions made the statements in the Offering Memorandum for Fund VI materially misleading. (See id. ¶ 163.) In essence, I-Enterprise alleges that DFJ-VI failed to disclose, in the Offering Memorandum, that the managers of prior funds had misappropriated assets from those funds.

Defendants' argument that any claims based on such nondisclosures are improperly alleged derivative claims is unpersuasive. I-Enterprise does not allege in the above-cited paragraphs, for example, that DFJ-VI is liable for misappropriation of Fund VI assets, a claim that clearly would be derivative. (See, e.g., December 2004 Order at 5 (citing Jones v. H.F. Ahmanson & Co., 1 Cal. 3d 93, 106 (1969))). Rather, I-Enterprise alleges that, in promoting Fund VI, DFJ-VI and the individual defendants are liable for failing to disclose prior misappropriations of assets from other funds. In other words, I-Enterprise is not seeking damages for an injury to the Funds, but is seeking damages for breach of a duty of disclosure allegedly owed to I-Enterprise, individually, as a prospective investor. Such a claim is a direct claim, not a derivative claim. (See December 2004 Order at 6 (citing Jones, 1 Cal. 3d at 106)).

Defendants' alternative argument that I-Enterprise cannot show it incurred damages as a result of the above-referenced nondisclosures likewise is unpersuasive. Defendants

argue that "for the same reasons that [I-Enterprise] was unable to identify any damages in connection with these allegations to support its negligent misrepresentation claim, [I-Enterprise] could not allege the requisite damages necessary" to support any other claim based on such nondisclosures. (See Motion at 11.) Presumably, defendants are referring to the argument made in their earlier-filed motion to dismiss the Third Amended Complaint, in which defendants contended I-Enterprise had failed to allege that any "inter-fund loans" were not repaid. (See Defendants' Motion to Dismiss Certain Counts of IEC's Third Amended Complaint, filed April 25, 2005, at 19.) As noted above, the Court, in its July 2005 Order, never ruled on the merits of that argument; thus, there was no finding that I-Enterprise had failed to properly allege damages. Moreover, I-Enterprise had no reason to allege that the "loans" were not repaid, because it does not allege that the challenged transactions were loans. As set forth above, I-Enterprise alleges that assets of the funds were misappropriated for non-fund uses, not that defendants took unauthorized loans from the funds. (See 4AC ¶¶ 164-165.). Defendants fail to set forth any other argument as to why I-Enterprise has failed to adequately allege damages.

Accordingly, defendants' motion to dismiss all claims that are based on an alleged failure to disclose retention of directed shares and a failure to disclose what defendants characterize as "inter-fund loans" will be DENIED.

**CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. As I-Enterprise is no longer asserting a conversion claim, defendants' motion to dismiss the conversion claim is DENIED as moot.

2. Defendants' motion to dismiss the unjust enrichment claims is DENIED.

3. Defendants' motion to dismiss all Breach Claims that are not based on the allegation that defendants failed to provide notice of "detrimental acts" is DENIED.

4. Defendants' motion to dismiss all claims that are based on defendants' failure to devote an objectively adequate amount of time to management of the Funds or alleged

misrepresentations about the amount of time defendants would devote to the management of the Funds is GRANTED.

     5. Defendants' motion to dismiss all claims that are based on an alleged failure to disclose retention of directed shares and a failure to disclose what defendants characterize as "inter-fund loans" is DENIED.

     This order terminates Docket No. 442.

**IT IS SO ORDERED.**

Dated: November 3, 2005

MAXINE M. CHESNEY
United States District Judge